UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ and STEFANY M. CARDENAS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. |
| ) | |
| MICHAEL G. SCALETTA, KAREN A. ) | Judge |
| PETERSON, NORMA N. WEBSTER, ESTHER E. ) | |
| PLACZEK, ANNA POWIDAJKO, SUSAN E. ) | Magistrate Judge |
| WATT, GINA S. LIBERTI, GREG M. GIULIANI, ) | |
| SUSAN C. MOORE, CATHY CRAMER, ESTHER ) | JURY TRIAL DEMANDED |
| VELEZ, STEPHANIE A. ANDALUZ, SAM ) | |
| BUBALO, CHICAGO POLICE OFFICER ) | |
| ASSIGNED PC0G049 (BEAT 1614), PARTNERS OF ) | |
| CHICAGO POLICE OFFICER ASSIGNED ) | |
| PC0G049 (BEAT 1614 ON OCTOBER 1, 2015), ) | |
| CHICAGO POLICE OFFICER ASSIGNED ) | |
| PC0J322 (BEAT 1661B), PARTNERS OF ) | |
| CHICAGO POLICE OFFICER PC0J322 (BEAT ) | |
| 1661B ON OCTOBER 1, 2015), and CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiffs, JUAN GONZALEZ and STEFANY M. CARDENAS, by and through their attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complaining against defendants MICHAEL G. SCALETTA, KAREN A. PETERSON, NORMA N. WEBSTER, ESTHER E. PLACZEK, ANNA POWIDAJKO, SUSAN E. WATT, GINA S. LIBERTI, GREG M. GIULIANI, SUSAN C. MOORE, CATHY CRAMER, ESTHER VELEZ, STEPHANIE A. ANDALUZ, SAM BUBALO, CHICAGO POLICE OFFICER ASSIGNED PC0G049 (BEAT 1614), PARTNERS OF CHICAGO POLICE OFFICER ASSIGNED PC0G049 (BEAT 1614 ON

OCTOBER 1, 2015), CHICAGO POLICE OFFICER ASSIGNED PC0J322 (BEAT 1661B), PARTNERS OF CHICAGO POLICE OFFICER ASSIGNED PC0J322 (BEAT 1661B ON OCTOBER 1, 2015), and CITY OF CHICAGO, state as follows:

## NATURE OF CLAIM

1.  This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.  Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

3.  Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4.  At all times herein mentioned, plaintiffs, JUAN GONZALEZ (hereinafter "GONZALEZ") and STEFANY M. CARDENAS (hereinafter "CARDENAS"), were and are citizens of the United States and reside within the jurisdiction of the court.

5.  At all times herein mentioned, defendants MICHAEL G. SCALETTA (hereinafter "SCALETTA"), KAREN A. PETERSON (hereinafter "PETERSON"), NORMA N. WEBSTER (hereinafter "WEBSTER"), ESTHER E. PLACZEK (hereinafter "PLACZEK"), ANNA POWIDAJKO (hereinafter "POWIDAJKO"), SUSAN E. WATT (hereinafter "WATT"), GINA

S. LIBERTI (hereinafter "LIBERTI"), GREG M. GIULIANI (hereinafter "GIULIANI"), SUSAN C. MOORE (hereinafter "MOORE"), CATHY CRAMER (hereinafter "CRAMER"), ESTHER VELEZ (hereinafter "VELEZ"), STEPHANIE A. ANDALUZ (hereinafter "ANDALUZ"), SAM BUBALO (hereinafter "BUBALO"), CHICAGO POLICE OFFICER ASSIGNED PC0G049 (BEAT 1614) (hereinafter "PC0G049"), PARTNERS OF CHICAGO POLICE OFFICER ASSIGNED PC0G049 (BEAT 1614 ON OCTOBER 1, 2015) (hereinafter "PARTNERS OF PC0G049"), CHICAGO POLICE OFFICER ASSIGNED PC0J322 (BEAT 1661B), PARTNERS OF CHICAGO POLICE OFFICER ASSIGNED PC0J322 (BEAT 1661B ON OCTOBER 1, 2015), (hereinafter "PARTNERS OF PC0J322"), were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois. Said defendants are being sued in their individual capacity.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

7. At all times mentioned herein, plaintiffs, JUAN GONZALEZ and his stepdaughter, STEFANY M. CARDENAS, lived at 4819 N. McVicker Avenue, in Chicago, Illinois.

8. On October 1, 2015, in the early afternoon, GONZALEZ was at home, cleaning the basement at 4819 N. McVicker Avenue, in Chicago, Illinois.

9. Defendant Chicago police officers SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ,

ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 entered GONZALEZ's home unannounced and without consent.

10. Defendant officers did not knock or ring the doorbell or announce their presence.

11. Hearing footsteps, GONZALEZ came upstairs from the basement, where he encountered defendant Chicago police officers SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 inside his home with their guns drawn.

12. Defendant officers asked GONZALEZ who lived at 4819 N. McVicker Avenue, in Chicago, Illinois.

13. GONZALEZ responded that he lived there with CARDENAS, as well as with two of his other small children.

14. When GONZALEZ asked what was going on, defendant officers responded that they were conducting a wellness check for his stepdaughter, CARDENAS, but never explained why a wellness check was needed.

15. When GONZALEZ asked defendant officers if they had a search warrant, they told him they did not, and did not need one.

16. GONZALEZ told defendant officers that CARDENAS was not home and defendant officers quickly determined there was no one else home at the time.

17. Despite this, defendant officers began searching the house and ordered GONZALEZ to sit on the couch while they did so.

18. While GONZALEZ was sitting on the couch, one of the defendant Chicago police officers, in plainclothes, began making inflammatory comments to him, accusing GONZALEZ of not caring about his stepdaughter.

19. This defendant Chicago police officer then rushed at GONZALEZ in an attempt to batter him.

20. GONZALEZ complained to the sergeant, defendant SCALETTA, about the abuse he was receiving in his own home. In response, defendant SCALETTA did nothing.

21. Another defendant officer, noticing the first officer's aggressive behavior, grabbed the offending defendant officer and ordered him out of the house.

22. During this time, defendant officers continued illegally searching GONZALEZ's home, moving items and going into drawers, leaving the home in total disarray.

23. At some point, some of the defendant officers sat down with GONZALEZ on the couch and began asking him odd questions, such as whether he played the piano.

24. While defendant officers were searching the home, they detained GONZALEZ, and he was not free to leave the premises.

25. Defendant officers never asked GONZALEZ where his daughter was and whether he could reach her.

26. When GONZALEZ told the officers that he was going to call a lawyer, that resulted in most of the defendant Chicago police officers leaving his home.

27. Two of the defendant Chicago police officers, however, remained in the home. One of these officers guarded GONZALEZ while the other defendant officer searched all of the rooms in the attic, the first floor, and the basement of the home.

28. Eventually, the two remaining defendant Chicago police officers left.

29. A few minutes after all of the defendant officers left, CARDENAS arrived home.

30. When CARDENAS went into her bedroom, she found it in disarray and noticed that someone had rummaged through her dresser drawers.

31. By reason of the acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

32. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

33. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**COUNT I**
**Plaintiffs, GONZALEZ and CARDENAS, Against Defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 for Unconstitutional Entry and Search of Home**

34. Plaintiffs GONZALEZ and CARDENAS incorporate and reallege paragraphs 1-33, as though set forth herein in their entirety.

35. Defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 illegally entered the home of plaintiffs JUAN GONZALEZ and STEFANY M. CARDENAS at 4819 N. McVicker Avenue, in Chicago, Illinois on October 1, 2015, without a valid warrant for the home, without permission, without probable cause, and failing to knock and announce their office before entering the home, thus invading and violating plaintiffs' security and privacy.

36. Each defendant is liable by both his/her direct actions and by a failure to intervene.

37. By reason of the conduct of defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 , plaintiffs GONZALEZ and CARDENAS were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT II
**Plaintiffs, GONZALEZ and CARDENAS, Against Defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 for Unreasonable Scope and Duration of an Unconstitutional Search of Home**

38. Plaintiffs GONZALEZ and CARDENAS incorporate and reallege paragraphs 1-33, as though set forth herein in their entirety.

39. Defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 illegally searched the home of plaintiffs GONZALEZ and CARDENAS at 4819 N. McVicker Avenue, in Chicago, Illinois, on October 1, 2015, without a valid warrant for the home, without permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

40. The search was begun at gunpoint and defendants were needlessly abusive, when it should have been obvious to them that there was no dangerous situation at the home.

41. Even when they determined that the person for whom they were looking was not present in the home, defendant officers failed to abandon their search.

42. Defendants' searching and re-searching the rooms of the home, and going into dresser drawers and cabinets was not reasonable if they were in fact searching for a person.

43. The search was unreasonable in its scope and duration.

44. Each defendant is liable by both his/her direct actions and by a failure to intervene.

45. By reason of the conduct of defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 , plaintiffs GONZALEZ and CARDENAS were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff, GONZALEZ, Against Defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 for Illegal Detention

46. Plaintiff, GONZALEZ, incorporates and realleges paragraphs 1-33, as though set forth herein in their entirety

47. Defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 illegally detained plaintiff, GONZALEZ, while they illegally searched his home.

48. The detention was unconstitutional at its inception and unconstitutional in its scope. The length of the detention and the circumstances of the detention, including the police abuse, were not reasonable.

49. Each defendant is liable by both his/her direct actions and by a failure to intervene.

50. By reason of the conduct of defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO, PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322, plaintiff, GONZALEZ, was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendants are liable to plaintiff GONZALEZ pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

## COUNT IV
**Plaintiffs, GONZALEZ and CARDENAS, Against Defendant SCALLETTA for Supervisory Liability**

51. Plaintiffs, GONZALEZ and CARDENAS, incorporate and reallege paragraphs 1-33, as though set forth herein in their entirety.

52. Defendant SCALLETTA was a supervisory officer who had the authority to prevent and/or abandon the search of plaintiffs' home, to prevent the unreasonable detention of plaintiff, and to control defendant officers' use of guns and abusive behavior, but instead approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home and to the illegal detention of plaintiff GONZALEZ. He is therefore liable as a supervisor.

53. By reason of the conduct of defendant SCALLETTA, plaintiffs, GONZALEZ and CARDENAS, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant SCALLETTA is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT V
**Plaintiffs, GONZALEZ and CARDENAS, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)**

54. Plaintiffs, GONZALEZ and CARDENAS, incorporate and reallege paragraphs 1-33, as though set forth herein in their entirety.

55. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

56. Defendants SCALETTA, PETERSON, WEBSTER, PLACZEK, POWIDAJKO, WATT, LIBERTI, GIULIANI, MOORE, CRAMER, VELEZ, ANDALUZ, BUBALO,

PC0G049, PARTNERS OF PC0G049, PC0J322, and PARTNERS OF PC0J322 were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

57. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, JUAN GONZALEZ and STEFANY M. CARDENAS, request judgment as follows against defendants MICHAEL G. SCALETTA, KAREN A. PETERSON, NORMA N. WEBSTER, ESTHER E. PLACZEK, ANNA POWIDAJKO, SUSAN E. WATT, GINA S. LIBERTI, GREG M. GIULIANI, SUSAN C. MOORE, CATHY CRAMER, ESTHER VELEZ, STEPHANIE A. ANDALUZ, SAM BUBALO, CHICAGO POLICE OFFICER ASSIGNED PC0G049 (BEAT 1614), PARTNERS OF CHICAGO POLICE OFFICER ASSIGNED PC0G049 (BEAT 1614 ON OCTOBER 1, 2015), CHICAGO POLICE OFFICER ASSIGNED PC0J322 (BEAT 1661B), PARTNERS OF CHICAGO POLICE OFFICER ASSIGNED PC0J322 (BEAT 1661B ON OCTOBER 1, 2015), and CITY OF CHICAGO in the claims set forth above, and specifically:

    A.    That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B.    That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter,

    C.    That defendants, except CITY OF CHICAGO, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter,

    D.    That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    E.    That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

      F.      That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request A TRIAL BY JURY.**


Dated: September 29, 2017             /s/ Irene K. Dymkar
                                                                                    Irene K. Dymkar


Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiffs
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123