UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ, et al., | ) |
| | ) Case No. 17 C 7080 |
| Plaintiffs, | ) |
| v. | ) Judge Steven C. Seeger |
| | ) |
| MICHAEL G. SCALETTA, et al., | ) Magistrate Judge Sheila Finnegan |
| | ) |
| Defendants. | ) |

**Plaintiffs' Motion to Reconsider and Modify the Order of February 11, 2021, Requiring Plaintiff to Quantify in an Exact Figure His Emotional Damages or Face Dismissal of the Action, and Limiting His Use of the Attorney-Client Privilege**

Plaintiffs, JUAN GONZALEZ and STEFANY M. CARDENAS, by and through their attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, hereby move this Court to reconsider and modify its order of February 11, 2021, requiring plaintiff, Juan Gonzalez, to quantify in an exact figure his emotional damages or face dismissal of the action, and limiting his use of the attorney-client privilege. In support of their motion, plaintiffs state:

**Background**

This action was commenced by the filing of a complaint alleging a cause of action under the Civil Rights Act of 1871 (42 U.S.C. §1983) to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. The complaint also alleges claims under Illinois state law.

Plaintiffs' motion for summary judgment was summarily denied, without briefing by defendants. Doc. 115, 116. Defendants' motion for summary judgment was filed in June 2019 (Doc. 108, 109), and has been fully briefed. The parties are awaiting the Court's decision.

On February 11, 2021, the Court held a status hearing at which it ordered plaintiff Juan Gonzalez *sua sponte* as follows:

> One week before the [evidentiary hearing on the affirmative defense of estoppel], Plaintiff Gonzalez must file a statement and disclose the amount of damages that he is seeking in this case. The Court directs Plaintiff to provide a number. Not a range, not a concept, not a theory of recovery. A number. Plaintiff filed this case in 2017, so he has had more than enough time to quantify the damages that he is seeking. Unlike a settlement demand, there is nothing confidential about the amount of damages that a plaintiff is seeking from the jury. A failure to comply may lead to appropriate remedies, including waiver and/or dismissal. The Court reminds the parties than an argument that a party relied on the advice of counsel is a waiver of the attorney-client privilege.

Doc. 251.

This order is contrary to law and is in error.

**I.      There is no legal authority requiring plaintiff to quantify his emotional damages.**

The Court ruled that Fed.R.Civ.P. 26(a)(1)(A)(iii), which requires "a computation of each category of damages," requires plaintiff to state an exact figure for his emotional damages. The Court is not correct in its ruling.

Fed.R.Civ.P. 26(a)(1)(A)(iii) does not require plaintiff to provide a computation of emotional damages or punitive damages. *Flair Airlines Ltd. v. Gregor LLC*, No. 18-CV-2023, 2020 WL 5521419, at *1 (N.D. Ill., Feb. 27, 2020) (Rowland, J.). "Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated" by Rule 26. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486, n.3 (5th Cir. 2000). *See Scheel v. Harris*, No. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky., Sept. 6, 2012) (emotional damages and punitive damages "are not amenable to the requirements of Rule 26(a)(1)(A)(iii)"); *E.E.O.C.*

2

*v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash., 2011) (denied motion to compel a computation of Plaintiff's emotional distress and punitive damages on the basis that they are issues for the factfinder); *Johnson v. BLC Lexington SNF, LLC*, No. CV 5:19-064-DCR, 2020 WL 5086587, at *1 (E.D. Ky., Aug. 26, 2020) (failure to properly disclose punitive damages or emotional damages calculations "is substantially justified because of their natural insusceptibility to calculation"); *Chesser v. Fifth Third Bank, Nat'l Ass'n*, No. CIV 5:19-081-DCR, 2020 WL 3979586, at *4 (E.D. Ky., July 14, 2020) ("courts have considered the failure to disclose 'amorphous' damages calculations, such as punitive and emotional distress damages, to be substantially justified or harmless due to the difficulty of accurately calculating them prior to trial"); *Torres v. Precision Indus., Inc.*, 437 F. Supp. 3d 623, 647 (W.D. Tenn., 2020); *Momeni-Kuric v. Metro. Prop. & Cas. Ins. Co.*, No. 3:18-CV-00197-RGJ, 2019 WL 3416677, at *5 (W.D. Ky., July 29, 2019); *Murray v. Miron*, No. 3:11 CV 629 JGM, 2015 WL 4041340, at *4 (D. Conn., July 1, 2015)**;** *Evenson v. Palisades Collection, LLC*, No. 2:13-CV-1226, 2014 WL 5089429, at *4 (S.D. Ohio, Oct. 9, 2014); *Sandoval v. Am. Bldg. Maintenance Indus., Inc.*, 267 F.R.D. 257, 281–83 (D. Minn., 2007).

There is no legal authority requiring plaintiff to quantify his emotional damages.

**II.     Plaintiff should not be ordered, under pain of dismissal, to do something he cannot do.**

The Court has ordered that plaintiff Juan Gonzalez "must file a statement and disclose the amount of damages that he is seeking in this case." The Court commented:"Plaintiff filed this case in 2017, so he has had more than enough time to quantify the damages that he is seeking."

This ruling indicates a negative view of plaintiff. The Court implies that plaintiff knows exactly what his case is worth and, under the threat of dismissal of the action, he should be

3

forced to state that figure. To the contrary, plaintiff does not have such a figure in mind, but rather wants to tell the jury what happened to him and leave it to the jury to determine compensation, both compensatory and punitive.

Even attorneys, such as plaintiffs' attorney, who have been practicing law for a number of years, would not and could not give an exact figure for emotional damages or punitive damages. Plaintiffs' counsel are aware of verdicts in cases involving only emotional damages that have been in the millions of dollars. In one her own cases, involving the police raid of a home without a warrant, the jury in 2013 awarded the family $300,000; in addition, the City agreed to almost $400,000 in attorneys' fees. On the other hand, there have been cases where the jury has awarded zero. There may be a range that plaintiffs' counsel decides to suggest to the jury to award at trial, but that will be determined only after all the proof is in.

The Court may believe that plaintiff Juan Gonzalez has known the value of his lawsuit all along and failed to tell the trustee, but that just did not happen. At the point when plaintiff Juan Gonzalez had his first meeting with the trustee in bankruptcy in early 2017, there was no lawsuit. He had not even been told by counsel that he had a viable claim. Mr. Gonzalez would not been able to put a figure on an asset that he did not even know was an asset. The bankruptcy case was closed five months *before* the civil rights suit was filed. Plaintiffs' civil rights attorneys knew nothing about the bankruptcy proceeding when the case was filed.

The Court has presented a no-win situation for Mr. Gonzalez. If he gives an honest answer in response to the Court's order and says he does not know the value of the lawsuit, the Court says it may dismiss his lawsuit. If he were to make up a figure to please the Court, and the Court thought the figure was too high, the Court might punish plaintiff for not giving that high

4

figure to the trustee back in 2017 when he did not even know he had a claim against the police. If he were to make up a figure to please the Court, and the Court thought the figure was low enough to settle the case (ignoring attorneys' fees and costs), then the Court might want plaintiff to settle.

On February 11, 2021, the Court mentioned plaintiff seeking compensation for his "hurt feelings." The event of October 1, 2015, was a frightening encounter with the police at gunpoint in Mr. Gonzalez's own home. To refer to his damages as "hurt feelings" is to minimize the emotional impact of the police raid. Plaintiffs' counsel will note that while plaintiffs tried hard to settle this case early on, and plaintiffs appreciate the former district court judge's efforts to bring about a settlement, now that substantial costs have accrued, it is probably no longer possible to settle this case. And parties cannot be coerced into settling cases. *Goss Graphics Sys., Inc. v. Dev Indus., Inc.,* 267 F.3d 624, 627 (7th Cir. 2001); *First Classics, Inc. v. Jack Lake Prods., Inc.,* No. 17 C 1996, 2017 WL 2377583, at *2 (N.D. Ill., June 1, 2017).

### III. Plaintiff is not waiving his attorney/client privilege.

It is troubling that the Court states in its order: "The Court reminds the parties than an argument that a party relied on the advice of counsel is a waiver of the attorney-client privilege." Plaintiffs' counsel does not know in what context the Court believes there is, or was, or would be a waiver of attorney-client privilege. Plaintiff Juan Gonzalez does not waive his privilege.

If the Court is making this reference in the context of discussions between Mr. Gonzalez and his counsel regarding the value of the case, that is, counsel responding, in answer to the client's inquiries, that "if A happens, the case may be worth X," "if B happens, the case may be worth Y," or in terms of different strategies to use at trial, then the attorney-client conversations fall into the classic definition of attorney-client privilege:

5

      (1) Where legal advice of any kind is sought

      (2) from a professional legal adviser in his capacity as such,

      (3) the communications relating to that purpose,

      (4) made in confidence

      (5) by the client,

      (6) are at his instance permanently protected

      (7) from disclosure by himself or by the legal adviser,

      (8) except the protection be waived.

*United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997).

    Waiver of the privilege is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Plaintiff does not relinquish or abandon his right to an attorney-client privilege. It is unclear why any legal advice Mr. Gonzalez may have received from his bankruptcy attorney or from his civil rights attorneys would be waived in the context of the Court wanting to compel plaintiff to come up with a figure of what his emotional damages are worth. To the extent that plaintiff "relied" on his bankruptcy attorney or his civil rights attorney to advise him on what to do or that he "relied" on them to protect his interests in the bankruptcy proceeding or civil rights proceeding, that is not a waiver of the privilege.

    If the attorney-client privilege becomes a stumbling block that impacts the advancement of this litigation, plaintiff may have to ask the Court to make a 28 U.S.C. 1292(b) finding to allow an interlocutory appeal.

    WHEREFORE, plaintiffs, JUAN GONZALEZ and STEFANY M. CARDENAS, respectfully ask the Court to reconsider and modify its order of February 11, 2021, which

requires plaintiff, Juan Gonzalez, to quantify in an exact figure his emotional damages or face dismissal of the action, and limits his use of the attorney-client privilege.

Dated: February 15, 2021                    /s/   Irene K. Dymkar
                                                    Irene K. Dymkar


Plaintiffs' Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Law Offices of Irene K. Dymkar
53 West Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123