UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ, et al., | ) |
| | ) Case No. 17 C 7080 |
| Plaintiffs, | ) |
| v. | ) Judge Steven C. Seeger |
| | ) |
| MICHAEL G. SCALETTA, et al., | ) Magistrate Judge Sheila Finnegan |
| | ) |
| Defendants. | ) |

**Plaintiffs' Motion to Reconsider and Modify the Summary Denial of Plaintiffs' Motion for Summary Judgment, or Order a Reciprocal Denial of Defendants' Motion for Summary Judgment Because the Court Has Made a Finding That There Are Disputes of Fact**

Plaintiffs, JUAN GONZALEZ and STEFANY M. CARDENAS, by and through their attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, hereby move this Court to reconsider and modify the order of June 25, 2019, denying summarily plaintiffs' motion for summary judgment, or ordering a reciprocal denial of defendants' motion for summary judgment because the Court has made a finding that there are disputes of fact. In support of their motion, plaintiffs state:

**Background**

This action was commenced by the filing of a complaint alleging a cause of action under the Civil Rights Act of 1871 (42 U.S.C. §1983) to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. The complaint also alleges claims under Illinois state law. Doc. 1.

Plaintiffs' motion for summary judgment (Doc. 106, 113) was summarily denied on June 25, 2019, without briefing by defendants. The Court ruled that plaintiffs and defendants had "competing versions of the facts" regarding the entry, search, detention, and supervisory

liability. Doc. 115, 116. Defendants' motion for summary judgment (Doc. 108, 109), however, was not summarily denied on June 25, 2019. Plaintiffs moved for clarification regarding the scope of the response to be made by plaintiffs to defendants' motion for summary judgment. Doc. 117. On July 31, 2019, that motion was denied. Doc. 119. Defendants' motion has been fully briefed. The parties are awaiting the Court's decision.

Plaintiffs ask the Court to reconsider and modify the summary denial of plaintiffs' motion for summary judgment, or order a reciprocal denial of defendants' motion for summary judgment because the Court has made a finding that there are disputes of fact.

I.      **The summary denial of plaintiffs' motion for summary judgment was error.**

The summary denial of plaintiffs' motion for summary judgment was error. The Court's denial of plaintiffs' motion for summary judgment, as any order, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). Plaintiffs are trying to avoid a possible appeal of the Court's denial of plaintiffs' summary judgment motion by resolving issues at the trial court level.

Regarding a potential appeal, when the district court considers cross-motions for summary judgment, granting one and denying the other, the denial of summary judgment "has merged into the final judgment and is therefore appealable" as part of the appeal from the final judgment granting the opposing party's motion. *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 500 (7th Cir. 2008), abrogated on other grounds, *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017). The review is *de novo. Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.,* No. 20-1374, 2021 WL 220761, at *4 (7th Cir. Jan. 22, 2021).

Pursuant to Local Rule 56.1(b), "each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 *shall* serve and file (1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e); (2) a supporting memorandum of law; and (3) a concise response to the movant's statement [of material facts]...(emphasis added)." Local Rule 56.1. Section (b)(3)(C) further provides that "all material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement [in response to the movant's statement] of the opposing party." Local Rule 56.1(b)(3)(C).

The obligation set forth in Local Rule 56.1 "is not a mere formality." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011), citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 924, (7th Cir. 1994). Rather, "[i]t follows from the obligation imposed by Fed.R.Civ.P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial." *Delapaz*, 634 F.3d at 899. The Rule is designed, in part, to aid the district court, "which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information," in determining whether a trial is necessary. *Delapaz v. Richardson,* 634 F.3d at 899.

Under Local Rule 56.1, defendants were required to respond to plaintiffs' motion for summary judgment. However, the Court summarily denied plaintiffs' motion a week after it was filed, based on statements made by defendants *in support of their own motion for summary judgment.* In other words, the Court borrowed defendants' facts from defendants' motion for summary judgment to use to defeat plaintiffs' motion for summary judgment, which had not yet been contested by defendants. This was error.

Because the parties submitted cross-motions for summary judgment, the Court was required to take the motions one at a time, construing all facts and drawing all reasonable inferences in favor of the non-moving party. Summary judgment is appropriate when there is no dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Black Earth Meat Mkt., LLC v. Village of Black Earth*, 834 F.3d 841, 847 (7th Cir. 2016). Cross-motions for summary judgment must be evaluated separately and on their own merits, "resolving factual uncertainties and drawing all reasonable inferences against the party whose motion is under consideration." *Patrick Schaumberg Automobiles, Inc. v. Hanover Ins. Co.*, 452 F.Supp.2d 857, 866 (N.D.Ill. Sept. 26, 2006).

Plaintiffs ask the Court to reconsider and modify the summary denial of plaintiffs' motion for summary judgment. The Court erred in denying plaintiffs' motion before it had been fully briefed as required by Local Rule 56.1, and in relying on defendants' statement of facts in support of defendants' own motion to determine that there was an issue of fact that precluded summary judgment for plaintiffs.

**II.**     **If the June 25, 2019 order stands, then there should be a reciprocal denial of defendants' motion for summary judgment because of the Court's finding that there are disputes of fact.**

The Court's determination that the "dueling versions of the facts" provided by plaintiffs and defendants in their *separate* motions for summary judgment precluded only plaintiffs from summary judgment was error. See Doc. 116 at 1. The Court's finding was that the different versions of fact made it so that "the Court cannot decide as a matter of law whether Defendants, based on the facts that were known to them at the time, reasonably believed it necessary to enter and search Plaintiffs' home to save Cardenas' life." Id. at 1-2. Also, that there were "competing

4

accounts as to whether a reasonable person in Gonzalez's situation believed he was free to leave." Id. at 2.

If the June 25, 2019, order stands, then these findings that there are disputed facts should apply equally to plaintiffs and to defendants. The "law of the case" doctrine should apply. That doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pepper v. United States*, 562 U.S. 476, 506 (2011), citing *Arizona v. California*, 460 U.S. 605, 618 (1983).

If there are disputed facts, as determined by the Court, then defendants also cannot be granted summary judgment on the claims of unconstitutional entry and search of home (Counts I and II), illegal detention (Count III), or supervisory liability (Count V).

If the June 25, 2019 order stands, then there should be a reciprocal denial of defendants' motion for summary judgment because of the Court's finding that there are disputes of fact.

WHEREFORE, plaintiffs, JUAN GONZALEZ and STEFANY M. CARDENAS, respectfully ask the Court to reconsider and modify the order of June 25, 2019, denying summarily plaintiffs' motion for summary judgment, or order a reciprocal denial of defendants' motion for summary judgment because of disputes of fact.

Dated: February 15, 2021      /s/ Irene K. Dymkar
         Irene K. Dymkar

Plaintiffs' Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Law Offices of Irene K. Dymkar
53 West Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123