# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ, et al., | ) |
| | ) Case No. 17 C 7080 |
| Plaintiffs, | ) |
| v. | ) Judge Steven C. Seeger |
| | ) |
| MICHAEL G. SCALETTA, et al., | ) Magistrate Judge Sheila Finnegan |
| | ) |
| Defendants. | ) |

## STATEMENT OF JUAN GONZALEZ

I, Juan Gonzalez, state as follows:

1) I am a plaintiff in the above-captioned lawsuit.

2) I filed a bankruptcy petition in the Northern District of Illinois Bankruptcy Court on January 12, 2017, case number 17-00895.

3) My bankruptcy case was closed on April 20, 2017.

4) The bankruptcy case was reopened on July 30, 2018.

5) After the bankruptcy case was reopened, there was another Rule 341 meeting with the bankruptcy trustee, Phillip D. Levey, on January 4, 2019.

6) During much of that hearing, Mr. Levey asked me questions about the incident that gave rise to this lawsuit. An audio of that meeting was recently obtained and has been given to defendants.

7) After the hearing, Mr. Levey determined that the lawsuit did not have value such that he would pursue it as an asset for the estate. The bankruptcy estate was closed again on March 4, 2019, and Mr. Levey wished me good luck with my lawsuit.

8) This Court has ordered me to "file a statement and disclose the amount of damages that [I am] seeking in this case." Doc. 147.

9) I am not able to give an exact figure on what my emotional damages are worth. I have an attorney to help me navigate my way in this lawsuit and I defer to my attorney to make decisions at the time of trial as to whether to ask for a specific amount from the jury. I want to tell the jury what happened to me and have the jury determine what kind and what amount of damages to award me.

10) I have had discussions with my attorney about what facts a jury might consider when placing a value on my case and that of my step-daughter, Stefany Cardenas, depending on the evidence at trial. However, I am not willing to waive my attorney-client privilege to discuss trial strategy or to discuss any of my communications with my attorney.

11) I understand the Court has ruled that "an argument that a party relied on the advice of counsel is a waiver of the attorney-client privilege." I do not understand how it is that if I asked my attorney for legal advice and she gave me legal advice, that itself would be a waiver of the confidentiality of those conversations. I do not waive my attorney-client privilege.

Dated: February 23, 2021

_____
Juan Gonzalez