# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ, et al., | ) |
| | ) Case No. 17 C 7080 |
| Plaintiffs, | ) |
| v. | ) Judge Steven C. Seeger |
| | ) |
| MICHAEL G. SCALETTA, et al., | ) Magistrate Judge Sheila Finnegan |
| | ) |
| Defendants. | ) |

## STATEMENT OF PLAINTIFFS' ATTORNEY PURSUANT TO COURT ORDER OF FEBRUARY 11, 2021

I, Irene K. Dymkar, state as follows:

1) I am one of plaintiffs' counsel in the above-captioned lawsuit.

2) On February 11, 2021, the Court ruled:

> If Plaintiff continues to believe that any of the lines of inquiry are privileged (meaning questions posed at the deposition), Plaintiff must file a statement one week before the hearing, identify any such problematic questions, and provide an explanation.

Doc. 147.

3) It is not clear, to plaintiffs at least, what the nature of this evidentiary hearing is. It appears to be a trial on a single issue with a single witness called by the Court to enable the Court to determine plaintiff's credibility and to resolve a dispute of facts. Plaintiffs object to this hearing and they do not waive their rights to a jury trial on all issues. Plaintiffs have moved the Court to vacate the order requiring the hearing. Doc. 152.

4) As noted in plaintiffs' response to defendants' motion to compel (Doc. 74), the arguments of which plaintiffs incorporate herein, once plaintiffs' counsel learned of the bankruptcy, a day or two before plaintiff Gonzalez's deposition, she immediately contacted his

former bankruptcy attorney and the trustee in bankruptcy. At the time of the deposition, she did not have answers as to what was the status of the bankruptcy, what the options were, or what effect the civil rights lawsuit would have on the bankruptcy proceeding. Plaintiffs' counsel is not a bankruptcy attorney.

5) Objections at plaintiff Gonzalez's deposition were made to allow plaintiffs' counsel time to discuss this matter with the bankruptcy attorney and the trustee. After moving to compel plaintiff to testify, defense counsel stated in court on October 2, 2018, *that they would not be pursuing the matter further.* Judge Ruben Castillo ruled that issues regarding bankruptcy were moot. Doc. 114 at 4. Ultimately, the bankruptcy matter was resolved to the satisfaction of the trustee, the creditors, and the bankruptcy judge.

6) The hearing the Court has set for March 3, 2021, was not requested by defendants and is not the result of any pending defense motion. Because the nature of the hearing of March 3, 2021, is not known, plaintiffs' counsel cannot predict what questions defense counsel might ask, especially since the Court grants defendants "wide latitude" for their questioning.

7) The Court has ordered the parties to review plaintiff Gonzalez's deposition transcript, and if plaintiff believes "any of the lines of inquiry" are privileged, plaintiff must "identify any such problematic questions, and provide an explanation." Doc. 147.

8) Plaintiffs' counsel asserts that it is a constitutional violation for the Court to *sua sponte* order a bench trial to determine credibility and to resolve a dispute of facts when plaintiffs have demanded a jury trial on all issues. Plaintiffs' counsel asserts that it is impossible for plaintiffs to anticipate the questions of defense counsel at this bench trial, especially since the Court is not limiting the questions to those not answered at the deposition. Plaintiffs do not want

any description of objections herein to limit their ability to object to any objectionable questions at the hearing. If the Court wishes to order defense counsel to submit their questions ahead of time, plaintiffs' counsel could review them and state their objections.

9) Plaintiffs' counsel objected to the aggressive questioning by defense counsel at the deposition of Mr. Gonzalez for various reasons, some having to do with privileges, but all having to do with not wanting to negatively affect the bankruptcy proceeding, not wanting to impose on and interfere with the legal work of another attorney, and not wanting to harm plaintiff in his relationship with the bankruptcy court. Plaintiffs' counsel asked for time to move for a protective order and speak to the bankruptcy attorney and trustee, but defense counsel would not back off.

10) Should defense counsel ask the same questions about bankruptcy at the bench trial as at the deposition, then plaintiffs' counsel will object to questions that require him to have legal knowledge (as opposed to factual knowledge) about his petition, which is 54 pages long, couched in legal language, and beyond the comprehension of a lay person. The filings in bankruptcy court and the testimony in bankruptcy court speak for themselves. Communications between Mr. Gonzalez and his bankruptcy attorney or his civil rights attorneys, and advice he may have asked for or advice he may have received, are privileged. *See United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir. 1997). Whether Mr. Gonzalez was satisfied with his attorneys or not may be protected by attorney-client privilege but, more important, it is not relevant to the question of what was filed with the bankruptcy court.

11) Plaintiffs ask that the Court not allow its ruling that it will give "wide latitude" to defendants in their questioning to result in a fishing expedition. This hearing itself is unduly

prejudicial to plaintiff and deprives him of his jury trial. The Court stated that there had not been a "drilling-down factually on the reasons for Mr. Gonzalez not disclosing the claim in the bankruptcy proceeding." Doc. 151-1 (Transcript of 2/11/2021 Hearing) at 5:4-8. The Court's invitation to defense counsel to "drill down" to obtain facts has the potential to open the door to abusive conduct toward plaintiff, Juan Gonzalez. Plaintiffs do and will strenuously object to any attempt to "unreasonably annoy, embarrass, or oppress" Mr. Gonzalez (to borrow language from Rule 30(d)(3)).


Date: February 24, 2021                                    /s/ Irene K.Dymkar
                                                                         Irene K. Dymkar


Plaintiffs' Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Law Offices of Irene K. Dymkar
53 West Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123


## CERTIFICATE OF SERVICE

      I, Irene K. Dymkar, an attorney, certify that on the 24th day of February, 2021, a copy of the Statement of Plaintiffs' Attorney Pursuant to Court Order of February 11, 2021 was served upon the attorneys for defendants named below through the Court's electronic filing system.

                                   Scott Cohen
                                   Bret A. Kabacinski
                                   Emily E. Dory
                                   City of Chicago Department of Law
                                   2 N. LaSalle Street, Suite 420
                                   Chicago, IL 60602

Dated: February 24, 2021                                    /s/   Irene K. Dymkar
                                                                        Irene K. Dymkar