**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUAN GONZALEZ, et al., | ) |
| | ) Case No. 17 C 7080 |
| Plaintiffs, | ) |
| v. | ) Judge Steven C. Seeger |
| | ) |
| MICHAEL G. SCALETTA, et al., | ) Magistrate Judge Sheila Finnegan |
| | ) |
| Defendants. | ) |

## STATEMENT OF PLAINTIFFS' ATTORNEY REGARDING RETAINER AGREEMENT, IN RESPONSE TO ORDER OF MARCH 16, 2021 (DOC. 189)

I, Irene K. Dymkar, an attorney, state as follows:

1. I am one of plaintiffs' counsel in the above-captioned lawsuit.

2. On March 3, 2021, this Court held an evidentiary hearing over the objection of plaintiffs, at which time plaintiff Juan Gonzalez was questioned at length about his bankruptcy proceeding, and whether he intended to defraud creditors and dupe the bankruptcy trustee by not listing this lawsuit (which had not been filed) as a potential claim in his bankruptcy schedules. He was cross-examined for almost three hours by defense counsel and by the Court.

3. On March 16, 2021, on 3:12 p.m., this Court filed an order directing plaintiff Gonzalez and plaintiff's counsel to file, under seal, an unredacted copy of the retention agreement by 6:00 p.m. on March 16, 2021, so that the Court could review the unredacted version and "be in a better position to evaluate the redactions." Doc. 189.

4. The retainer agreement form used by plaintiffs' counsel in this case states that plaintiffs' counsel will investigate the case and if she determines that "it is not advisable to commence a lawsuit," then the attorney shall advise client of same. The form was not signed by

plaintiffs' counsel and a copy of the unsigned agreement was not given to plaintiff Juan Gonzalez. Plaintiff's counsel still has the original hard copy of the document, and is glad to meet with the Court at any time, at the Court's convenience, so that the Court may inspect the original document for its authenticity.

5. Pursuant to this Court's order (Doc. 189), plaintiffs' counsel is filing the unredacted version of the retainer agreement under seal.

6. The Court's order seems to suggest that, by filing the retainer agreement under seal, only the Court will have access to the filing. If that is the Court's understanding, that is not correct. An "under seal" filing is not the equivalent of an "in camera" inspection. See Local Rule 26.2 of the Northern District of Illinois. Plaintiff is filing this document under seal to comply with the Court order, but maintains that the Court's order violates the attorney-client privilege and discloses confidential information, irreparably harming plaintiff.

Dated: March 16, 2021                     /s/   Irene K. Dymkar
                                                Irene K. Dymkar


Plaintiffs' Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Law Offices of Irene K. Dymkar
53 West Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123

# CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 16th day of March, 2021, a copy of STATEMENT OF PLAINTIFFS' ATTORNEY PURSUANT TO ORDER OF MARCH 16, 2021 (DOC. 189) was served upon the attorneys for defendants named below through the Court's electronic filing system.

>Scott Cohen
>Bret A. Kabacinski
>Emily E. Dory
>City of Chicago Department of Law
>2 N. LaSalle Street, Suite 420
>Chicago, IL 60602

Dated: March 16, 2021 /s/ Irene K. Dymkar
Irene K. Dymkar