UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.4
Eastern Division

Juan Gonzalez, et al.
                            Plaintiff,

v.                                                         Case No.: 1:17–cv–07080
                                                                           Honorable Steven C. Seeger

Michael G. Scaletta, et al.
                            Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, April 25, 2022:

      MINUTE entry before the Honorable Steven C. Seeger: This Court has given a great deal of thought about how to handle the situation involving the misstatements by Plaintiffs' counsel, Irene Dymkar, to the Court in connection with the motion for summary judgment. This Court's Memorandum Opinion and Order summarized the problematic statements, in great detail. See Mem. Opin. and Order, at 41–90 (Dckt. No. [203]); see also id. at 86–90 (summarizing the misstatements). As this Court expressed at that time, "[t]he Court is concerned about the veracity of statements that Gonzalez and his counsel made to this Court while briefing this issue [of judicial estoppel]. Gonzalez and his counsel made a series of statements that tested –– if not crossed –– the boundaries of candor to the Court." Id. at 86. This Court then offered a number of examples, and directed Plaintiffs' counsel to file a response and show cause why the Court should not impose sanctions. Id. at 8690; 10/29/21 Order (Dckt. No. [204]) (ordering Plaintiffs' counsel to show cause why she should not be sanctioned). In her response brief, Plaintiffs' counsel first addressed the failure to quantify the value of the claim. See Brf., at 3–7 (Dckt. No. [211]). The Court directed Plaintiff Gonzalez to do so, because Plaintiff cannot seek pie–in–the–sky damages in district court after telling the bankruptcy trustee that the claim didn't have much value. And the value of the claim has a bearing on the likelihood that Plaintiff simply forgot it when he filed for bankruptcy and completed the bankruptcy schedules under oath. Plaintiffs' counsel argues that it is difficult to pin down the amount of damages when a claim involves emotional distress. Id. at 3–7. That argument does not come to grips with the fact that Plaintiff Gonzalez downplayed the value of the claim to the bankruptcy trustee. At first, Gonzalez disclosed nothing. And then, after his non–disclosure came to light, Gonzalez suggested to the trustee that the claim had a ceiling of 50% of $45,000, minus 40% for attorney's fees and minus costs. See Am. Bankruptcy Petition (Dckt. No. [157]–2). So, in front of the bankruptcy trustee, Plaintiff displayed an ability to estimate the value of the claim –– an ability that Plaintiff later told this Court was impossible –– and pegged the value at a low number. And in any event, that response does not squarely address the bigger issue, meaning the series of troubling misstatements by Plaintiff and Plaintiffs' counsel about Plaintiff's awareness, long before filing for bankruptcy, of a possible claim. A potential claim is an asset that Plaintiff had an obligation to disclose in his bankruptcy schedules. Plaintiffs' counsel addressed each of the eight statements in question, meaning the statements to this Court, claiming that they

were "imprecise and regrettable." See Brf., at 10 (Dckt. No. [211]). The brief includes many expressions of regret along the following lines: "Counsel does not dispute that a reasonable factfinder could reach the opposite conclusion [about its accuracy] and regrets her imprecise language." Id. That statement is a vast understatement. The response brief acknowledges "imprecise" language, but does not fully come to grips with the volume of inaccurate statements, or the degree to which they misled this Court. It is difficult to come to any conclusion except that Ms. Dymkar misled the Court, time and again, in open court and in her filings. The simple truth is that Plaintiff knew that he had a potentially valuable claim, and then provided false information to the bankruptcy court when he claimed that he had no knowledge of any such claim. And before this Court, Plaintiffs' counsel took things too far. She made a series of misstatements to this Court, representing that Plaintiff had no knowledge of a potentially valuable claim, when the only possible conclusion is that Plaintiff knew full well that he had a potentially valuable claim. Plaintiff knew that he had a potentially valuable claim because Plaintiffs' counsel told him that he had a potentially valuable claim. So Plaintiffs' counsel should not have told this Court the opposite. After considerable thought, this Court orders as follows. This Court admonishes Irene Dymkar for her lack of candor to the Court. Attorney Dymkar must highlight the existence of this Order, and sua sponte provide a copy of this Order to any state or federal court, if she is ever accused of any misconduct. By April 29, 2022, Plaintiff's counsel must file a statement acknowledging that she has read this Order and will comply. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.